**UNITED STATES of America, Plaintiff,**

v.

**Erik DIAZ–COLON [11], Defendants.**

**Criminal No. 09–228 (FAB).**

United States District Court, D. Puerto Rico.

Aug. 2, 2012.

Jose A. Contreras, Isabel Munoz–Acosta, Julie B. Mosley, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

Victor P. Miranda–Corrada, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On June 5, 2012, 865 F.Supp.2d 201 (D.P.R.2012), the Court denied defendant Erik Diaz–Colon's ("Diaz") motion to preclude enhanced penalties for the offenses

---

of which he was found guilty under sections 241 and 242 (Counts Five and Six, respectively). (Docket No. 839.) On July 13, 2012, Diaz filed a supplemental sentencing memorandum in which he argues that it would be "inappropriate" for the Court to impose an enhanced penalty of life imprisonment as to Count Five because the conspiracy of which Diaz was found guilty ended before the victim was killed. (Docket No. 844.) The government opposed Diaz's motion on July 27, 2012. (Docket No. 848.) Diaz filed a reply on July 29, 2012. (Docket No. 851.)

Defendant Diaz was found guilty by a jury of *inter alia,* conspiring to deprive the victim's civil rights under 18 U.S.C. § 241 ("Count Five"). (Docket No. 729.) The Court has already found that defendant Diaz may be subject to enhanced penalties without resulting in an *Apprendi* violation. (Docket No. 839, *see Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Indeed, as part of its rationale in so finding, the Court noted that the facts triggering the enhanced penalty ("death resulting") for Count Five were treated as elements of the offense during trial and were submitted to the jury for their consideration. The jury found defendant Diaz guilty of Count Five, and found that the death of the victim was caused by the deprivation of the victim's rights with regard to Count Five. (Docket No. 729 at 4–5.)

Defendant Diaz's supplemental sentencing memorandum raises no new arguments as to why the Court should not apply the enhanced penalty based on Diaz's conviction under Count 5. The plain language of 18 U.S.C. § 241 provides that "if death results from the acts committed in violation of this section ... [defendant] shall be fined under this title or imprisoned for any term of years or for life...." Defendant Diaz's argument that the violation of section 241 "ended" after the victim "had

been stopped and robbed" is unavailing. The government's response, which cites to applicable First Circuit Court of Appeals precedent, provides an adequate frame of reference for analyzing defendant's challenge.

The First Circuit Court of Appeals has determined that in the context of criminal statutes containing an "if death results" provision, the applicability of such a provision "turns on a causation analysis." *United States v. Figueroa–Cartagena,* 612 F.3d 69, 81–82 (1st Cir.2010) ("Proof that the injury or death happened while the offense conduct was continuing is neither necessary nor sufficient to show that the harm 'result[ed]' from the offense."). Defendant argues that *Figueroa–Cartagena* is inapposite because the case interprets the language of 18 U.S.C. § 2119 (the carjacking statute), and not 18 U.S.C. § 241, at issue here. While that may be so, the *Figueroa–Cartagena* court engaged in an analysis of the "death results" language in the context of other statutes, and found that whether a defendant may be subject to enhanced penalties for committing a crime is governed by the causation analysis where the language of the statute hinges on the definition of the word "results". Notably, the *Figueroa–Cartagena* court cites to *United States v. Marler,* in which the First Circuit Court of Appeals held that in the context of the defendant's conviction pursuant to 18 U.S.C. § 242, the district court correctly instructed the jury that if death "results", the defendant is subject to "the higher penalty," provided that "death was a natural and foreseeable result of the improper conduct." 756 F.2d 206, 215–216 (1st Cir.1985). In this case, the jury was instructed similarly and the jury found that, as to Count Five, the government had proven beyond a reasonable doubt that the victim's death was "proximately, naturally and foreseeably caused by the deprivation of [the victim's]

rights secured by the Constitution or laws of the United States". (Docket No. 729 at 4–5.) Moreover, as the government points out, the testimony at trial demonstrated that the victim's death was not only a natural and foreseeable result of the conspiracy to deprive the victim of his rights, but that it was also an intentional result of the conspiracy. The First Circuit Court of Appeals has held that death "result[ing]" from the deprivation of rights need not be intended, as long as the defendant was proved to have " 'willfully' subjected the victim to a deprivation of civil rights." *Marler*, 756 F.2d at 216. The Court reiterates its findings in its opinion and order denying defendant's initial motion to preclude enhanced penalties that "the evidence presented at trial was indeed 'overwhelming' and 'essentially uncontroverted' in demonstrating that defendant Diaz was a significant participant in the crimes resulting in the eventual death of the victim in this case." (865 F.Supp.2d at 203–04, Docket No. 839 at 6.)

## CONCLUSION

For the reasons discussed above, the Court **DENIES** defendant Diaz's supplemental sentencing motion to preclude an enhanced sentence on the basis that the death of the victim did not "result" from the conspiracy for which he was convicted in Count Five.

**IT IS SO ORDERED.**